Mr. Justice Gantt
delivered the opinion of the Court,
But for the usage attempted to be set up in this case, to defeat the plaintiff’s right of recovery, there could be no question but thqt he would have been entitled, upon established and well recognized principles of law, every day enforced, to compel a performance of the contract which the defendant had entered into.
Is there any thing in the alleged custom calculated te make this case an exception.?
It is not denied but that the dealing was with the defendant. He bought and received the goods. The plaintiff sent for his money. The debtor had gone to sea. The note of another was taken by the plaintiff’s agent. Now, would it be reasonable that the plaintiff should, from this isolated circumstance, unaccompanied with aiiy satisfactory proof, why or wherefore it was done, be debarred the right of recovering the debt from the true and bona fide debtor? A custom so unreasonable can never supersede law. The presiding Judge was therefore perfectly correct in saying, that the plaintiff was not confined alone to *97 '.he security which tin noti furnished; unless indeed it 1 .id men the understanding and agreement oi th. parties to the original contract. i'he terms of the contract, in such a case, would become the law by which it was to be governed, but no such understanding or agreement was proved ; nór can it be inferred in any manner from the testimony that this was their intention. The note can onh bo considered in the light of a collateral security ; not in the; •slightest degree weakening the plaintiff’s right to look to the defendant himself. .
The defendant has no right to complain; for it does not appear that he had any funds at the time in the hands of Bours & Bascome; or, if he had, that the plaintiff was to look to them exclusively ior the amount of his debt. And it would be strange indeed if the.mere ceremony of an officious, unauthorized act on the part of Bours & Bascome, in giving their note, which 'they have taken care never to pay, shotild preclude the plaintiff from his just and legal remedy against the defendant.
'I'he Court are unanimous in their opinion, that the verdict should remain, and that the defendant take nothing by iiir. motion. , -•
Justicso Cckockt Noit, and Huger* concurred.